

In the Circuit Court of White County, Arkansas

Terry Moats                                                                    Plaintiff

v.                                    Case No. 73CV-26-307

Love, Beal & Nixon, P.C.;
LVNV Funding LLC; and
Resurgent Capital Services, L.P.                                       Defendants

## Complaint

1.    Defendants sued Plaintiff Terry Moats to collect a debt he had previously settled in full and no longer owed.

2.    The Fair Debt Collection Practices Act (the FDCPA), 15 U.S.C. § 1692, et seq. and the Arkansas Fair Debt Collection Practices Act (the AFDCPA), Ark. Code Ann. § 17-24-501, et seq., generally prohibit a debt collector from making false, deceptive, or misleading misrepresentations to when collecting debts and prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

3.    The purpose of these prohibitions is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent action to protect consumers against debt collection abuses.[1]

---

[1] See, e.g.. 15 U.S.C. § 1692e.

4.    Defendants' lawsuit[2] against Terry Moats caused him emotional distress because she had previously settled the debt in full, only to have Defendants file a lawsuit against him to collect the settled debt.

## Jurisdiction & Venue

5.    Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d): "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any court of competent jurisdiction, within one year from the date on which the violation occurs."

6.    Jurisdiction of this Court arises under the AFDCPA, Ark. Code Ann. § 17-24-512(d): "An action to enforce any liability created by this subchapter may be brought in a court of competent jurisdiction within one (1) year from the date on which the violation occurs."

7.    This Court is a court of competent jurisdiction.[3]

8.    Love, Beal & Nixon, P.C. files thousands of debt collection lawsuits against Arkansas residents every year.

9.    Love, Beal & Nixon, P.C., employees at least five attorneys licensed to practice law in Arkansas.

10.   Love, Beal & Nixon, P.C. filed the debt collection lawsuit against Carolyn Black in the District Court of Sherwood.

---

[2] Copies of the pleadings and filings in LVNV Funding LLC v. Terry Moats, Case No. 73CV-25-291, In the Circuit Court of White County, Arkansas are attached as Exhibit 1.

[3] See AR Const. Amend. 80, sec. 6; Ark. Code Ann. § 16-13-201(a).

2

11. Love, Beal & Nixon, P.C. is subject to *in personam* jurisdiction in Arkansas.

12. Defendant LVNV Funding LLC, holds a collection agency license issued by the State Board of Collection Agencies.

13. LVNV Funding LLC's collection agency license allows it to collect debts in Arkansas.

14. LVNV Funding LLC, filed the debt collection lawsuit against Carolyn Black in the District Court of Sherwood.

15. LVNV Funding LLC is subject to *in personam* jurisdiction in Arkansas.

16. Resurgent Capital Services, L.P., holds a collection agency license issued by the State Board of Collection Agencies.

17. Resurgent Capital Services, L.P.'s collection agency license allows it to collect debts in Arkansas.

18. Resurgent Capital Services, L.P., collects debt purchased by LVNV Funding LLC, by sending collection letters and other communications to consumers who reside in Arkansas.

19. Resurgent Capital Services, L.P., also directs the hiring of debt collection law firms to collect debts purchased by LVNV Funding LLC, by suing consumers residing in Arkansas to collect debts by reducing these debts to judgment.

20. Venue is proper in White County, Arkansas, because it is the county in which Terry Moats resided at the time of the event or omission giving rise to his causes of action:

(a) A civil action other than a civil action mentioned in §§ 16-60-102 – 16-60-109, 16-16-101, and specific venue provisions codified in another title of the Arkansas Code shall be brought in any of the following counties:

\*\*\*

(3)(A) The county in which the plaintiff resided at the time of the event or omission giving rise to the cause of action.

## Parties

### *Plaintiff Terry Moats*

21. Plaintiff Terry Moats (Moats) is a "consumer" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(3): "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."

22. Moats is a "consumer" as that term is defined in the AFDCPA, Ark. Code Ann. § 17-24-502(2): "'Consumer' means a natural person obligated or allegedly obligated to pay a debt."

### *Defendant Love, Beal & Nixon, P.C.*

23. Love, Beal & Nixon, P.C. (Love, Beal & Nixon) is a foreign, for profit, professional corporation organized under Oklahoma law.

24. Love, Beal & Nixon is law firm that primarily collects defaulted consumer debt.

25. Love, Beal & Nixon operates its law practice from 6621 N Meridian Avenue, Oklahoma City, OK 73116.

26. Love, Beal & Nixon may be served with service of process via its registered agent with the Oklahoma Secretary of State: William L Nixon, Jr., 6621 N. Meridian Avenue, Oklahoma City, OK 73116.

27. Love, Beal & Nixon is a "debt collector" as that term is defined in the FDCPA, 15 U.S.C. § 1692(6):

(6) The term "debt collector" means any person who uses instrumentality of interstate commerce or the mails in any business the principal purpose of which

4

is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another. ..."

28.    Love, Beal & Nixon is a "debt collector" as that term is defined in the

AFDCPA, Ark. Code Ann. § 17-24-501(5)(A):

(5)(A) "Debt collector" means a person who uses an instrumentality of interstate commerce or the mails in a business whose principal purpose is the collection of debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

29.    The FDCPA and the AFDCPA applies to lawyers and law firms.[4]

30.    Love, Beal & Nixon uses instrumentalities of interstate commerce or the

mails in its business the principal purpose of which is the collection of debts.

31.    Love, Beal & Nixon regularly collects or attempts to collect debts owed or

asserted to be owed or due another.

32.    Love, Beal & Nixon collects debts arising from defaulted credit card

accounts purchased and assigned to LVNV Funding LLC.

33.    Love, Beal & Nixon regularly collects or attempts to collect debts owed or

asserted to be owed to another, including LVNV Funding LLC.

34.    Love, Beal & Nixon holds itself out as a debt collector.

35.    Love, Beal & Nixon is a member of ACA Int'l.

36.    Love, Beal & Nixon is a member of the National Association of Retail

Collection Attorneys.

37.    Love, Beal & Nixon is a member of the American Alliance of Creditors

Attorneys.

38.    Love, Beal & Nixon employs attorneys licensed to practice in Arkansas.

---

[4] *See Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 11489, 131 L. Ed. 2d 295 (1995).

39.    Love, Beal & Nixon files thousands of debt collection lawsuits in Arkansas every year for LVNV Funding and others.

*Defendant LVNV Funding LLC*

40.    Defendant LVNV Funding LLC (LVNV Funding) is a foreign limited liability company organized under Delaware law.

41.    LVNV Funding operates from 55 Beattie Place, Suite 100, Greenville, SC 29601.

42.    LVNV Funding may be served with service of process via its registered agent with the Delaware Secretary of State: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

43.    LVNV Funding is a "debt collector" as that term is defined in the FDCPA, 15 U.S.C. § 1692(6):

> (6) The term "debt collector" means any person who uses instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another. ..."

44.    LVNV Funding is a "debt collector" as that term is defined in the AFDCPA, Ark. Code Ann. § 17-24-501(5)(A):

> (5)(A) "Debt collector" means a person who uses an instrumentality of interstate commerce or the mails in a business whose principal purpose is the collection of debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

45.    LVNV Funding uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

46.    LVNV Funding purchases defaulted accounts of consumer debts and then attempts to collect these debts via telephone calls, collection letters, and emails.

47. LVNV Funding is one of the largest debt buyers in the country.

48. LVNV Funding does not originate loans or extend credit to consumers.

49. LVNV Funding purchases defaulted consumer debts for pennies on the dollar, so it can derive large profits from collecting on the consumer debt it purchases.

50. After purchasing defaulted consumer debts, LVNV Funding contracts with other debt collectors across the country, including Love, Beal & Nixon to collect the consumer debts.

51. LVNV Funding supplies these hired debt collectors with information about the debts and personal information about the consumers who allegedly owe the debt to aid in the debt collection.

52. The debt collectors then contact the consumers in LVNV Funding's name and at LVNV's Funding's direction.

53. LVNV Funding further participates in the debt collection process by setting parameters of the terms and the amounts of payments made by the consumers toward the debt.

54. If LVNV Funding is not satisfied with one debt collector's efforts in collecting the debt, it hires another debt collector to collect on the debt from the consumer.

55. Any debt collector then sends who collects payments on the consumer debt, then sends a portion of that payment to LVNV Funding through electronic funds transfer of the U.S. Mail.

56. LVNV Funding files thousands of debt collection complaints in Arkansas' Circuit Courts and District Courts every year.

7

57.  These debt collection complaints are filed along with affidavits of LVNV Funding's employees and agents.

58.  Most of LVNV Funding's resources are devoted to debt collection.

59.  Most of LVNV Funding's revenue is derived from debt collection.

60.  Most of LVNV Funding's expenses are related to debt collection.

*Defendant Resurgent Capital Services, L.P.*

61.  Resurgent Capital Services, L.P. (Resurgent Capital Serv.) is a foreign limited partnership organized under Delaware law.

62.  Resurgent Capital Serv. operates from 55 Beattie Place, Suite 110, Greenville, SC 29601

63.  Resurgent Capital Serv. may be served with service of process via its registered agent with the Arkansas Secretary of State: Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201.

64.  Resurgent Capital Serv. is a "debt collector" as that term is defined in the FDCPA, 15 U.S.C. § 1692(6):

> (6) The term "debt collector" means any person who uses instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another. ..."

65.  Resurgent Capital Serv. is a "debt collector" as that term is defined in the AFDCPA, Ark. Code Ann. § 17-24-501(5)(A):

> (5)(A) "Debt collector" means a person who uses an instrumentality of interstate commerce or the mails in a business whose principal purpose is the collection of debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

66. Resurgent Capital Serv. uses the instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

67. Resurgent Capital Serv. collects debts arising from defaulted credit card accounts purchased by LVNV Funding.

68. Resurgent Capital Serv. regularly collects or attempts to collect debts owed or asserted to be owed to another, including LVNV Funding.

69. Resurgent Capital Serv. holds itself out as a debt collector.

70. Resurgent Capital Serv. is a member of ACA Int'l.

71. Resurgent Capital Serv. is a member of the Receivables Management Association International.

72. Resurgent Capital Serv. retains debt collection law firms to collect debts purchased and assigned to LVNV Funding LLC.

### Imputed Conduct

73. At the times of the events and occurrences described in this Complaint, Resurgent Capital Servs., by agreement with LVNV Funding, acted for LVNV Funding.

74. Resurgent Capital Serv. acted within the scope of LVNV Funding's authority or employment because Resurgent Capital Serv. was engaged in the transaction of business which was assigned to Resurgent Capital Serv. by LVNV Funding, or Resurgent Capital Serv. was doing anything which may reasonably be said to have been contemplated as part of Resurgent Capital Serv.'s authority or employment and was in furtherance of LVNV Funding's interest.

75. Any intentional conduct, negligence, fault, or violations of the FDCPA and the AFDCPA of Resurgent Capital Serv. while acting within the scope of Resurgent Capital Serv. is charged to LVNV Funding.

76. At the times of the events and occurrences described in this Complaint, Love, Beal & Nixon, by agreement with LVNV Funding and Resurgent Capital Serv., acted for LVNV Funding and Resurgent Capital Serv.

77. Love, Beal & Nixon acted within the scope of LVNV Funding and Resurgent Capital Serv.'s authority or employment because Love, Beal & Nixon was engaged in the transaction of business which was assigned to Love, Beal & Nixon by LVNV Funding and Resurgent Capital Serv., or Love, Beal & Nixon, was doing anything which may reasonably be said to have been contemplated as part of Love, Beal & Nixon's authority or employment and was in furtherance of LVNV Funding and Resurgent Capital Serv.'s interest.

78. Any intentional conduct, negligence, fault, or violations of the FDCPA and the AFDCPA of Love, Beal & Nixon, while acting within the scope of LVNV Funding and Resurgent Capital Serv. is charged to LVNV Funding and Resurgent Capital Serv.

## Factual Allegations

79. Within one year immediately preceding filing this pleading, Defendants attempted to collect from Moats a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5):

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

10

80.    Within one year immediately preceding filing this pleading, Defendants attempted to collect from Moats a "debt" as that term is defined by the AFDCPA, 17-24-502(4): "'Debt' means a person who uses an instrumentality of interstate commerce or the mails in a business whose principal purpose is the collection of debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

81.    In 2021, Moats engaged a debt settlement company to settle his defaulted consumer debt.

82.    One of Moats' defaulted consumer debts was a First Bank and Trust brand Mercury credit card account with the last four digits 3165 (Account 3165).

83.    On or about December 23, 2021, Moats received a settlement offer from Northstar Location Services, LLC, a collection agency regarding Account 3165.[5]

84.    The offer was for Moats to pay $1,013.02 to settle Account 3165 so long as the settlement amount was paid by January 16, 2022.[6]

85.    On January 12, 2026, the settlement funds of $1,013.02 were paid to Northstar Location Services, LLC, by the debt settlement company's payment processor.[7]

86.    On January 27, 2022, First Bank & Trust sold a portfolio of defaulted credit card accounts, allegedly containing Account 3165, to Resurgent Acquisitions, LLC, who then assigned the portfolio of defaulted credit card debt to LVNV Funding, LLC.

---

[5] Exhibit 1.

[6] Id.

[7] Id.

11

87. Defendants then began trying to collect Account 3165 from Moats.

88. Defendants filed or directed the filings of a lawsuit in LVNV Funding's name in the Circuit Court of White County, Arkansas and against Moats to collect Account 3165.[8]

89. Defendants served Moats, with the debt collection lawsuit at his home.

90. Moats retained and paid undersigned counsel to represent him in the debt collection litigation and filed an Answer with exhibits attached showing he has settled Account 3165.

91. Moats has suffered actual damages, including the payment of attorney fees to defend the debt collection lawsuit and emotional distress damages proximately caused by Defendants' violations of the FDCPA and the AFDCPA.

### Causes of Action

### Count I - Violations of the FDCPA, 15 U.S.C. § 1692, et seq.

92. Moats incorporates by reference the above paragraphs as though stated.

93. The FDCPA is a strict liability statute.

94. Courts liberally interpret the FDCPA to meet its remedial purposes.

95. The foregoing acts and omissions of Defendants constitute violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

96. Because of Defendants' violations of the FDCPA, Moats may recover statutory damages up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A) against each

---

[8] Attached Exhibit 1, composite pleadings and filings in LVNV Funding, LLC v. Carolyn Black, Case No. SWCV-24-3354, In the District Court of Sherwood, Arkansas.

Defendant; actual damages, including emotional distress, under 15 U.S.C. § 1692(a)(1); and a reasonable attorney's fee and costs under 15 U.S.C. § 1692k(a)(3), from Defendants.

### Count II - Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.

97.    Moats incorporates by reference the above paragraphs as though stated.

98.    The AFDCPA is a strict liability statute.

99.    Courts liberally interpret the AFDCPA to meet is remedial purposes.

100.    The foregoing acts and omissions of Defendants constitutes violations of the AFDCPA including, but not limited to, Ark. Code Ann. § 17-24-506(a), 17-24-506(b)(2), 17-24-506(b)(5), 17-24-506(b)(10), 17-24-507(a), and 17-24-507(b)(1).

101.    Because of Defendants' violations of the AFDCPA, Moats may recover statutory damages up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A) against each Defendant; actual damages, including emotional distress, under Ark. Code Ann. § 17-24-512(a)(1) against Defendants; and a reasonable attorney's fee and costs under Ark. Code Ann. § 17-24-512(a)(3)(A), from Defendants.

### Jury Demand

102.    Moats demands a trial by jury.

### Prayer for Relief

103.    Moats prays for a judgment entered against Defendants including:

   (a)    statutory damages of $1,000.00 under 15 U.S.C. § 1692k(a)(1) against each of Defendants;

13

(b)    statutory damages of $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A) against each of Defendants;

(c)    actual damages under 15 U.S.C. § 1692k(a)(1) and Ark. Code Ann. § 17-24-512(a)(1) against Defendants;

(d)    costs of litigation and a reasonable attorneys' fee under 15 U.S.C. § 1692k(a)(3) and Ark. Code Ann. § 17-24-512(a)(3)(A) against Defendants; and

(e)    such other relief as may be just and proper.

Respectfully submitted

TERRY MOATS

By:    _____

Corey D. McGaha
Ark. Bar No. 2003047
COREY D. MCGAHA PLLC
5507 Ranch Drive
Suite 104-D
Little Rock, AR 72223
Phone: (501) 205-4026
Fax: (501) 367-8208
cmcgaha@mcgahalaw.com
admin@mcgahalaw.com